UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                        NO: 03-209

HORACE WASHINGTON                             SECTION: "A" (4)

**ORDER AND REASONS**

Before the Court is a **Motion for Correction of Sentence (Rec. Doc. 95)** filed by Defendant, Horace Washington. The Government opposes the Motion. The Motion, set for hearing on May 11, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is **DENIED**.

**I. BACKGROUND**

On August 30, 2004, Defendant, Horace Washington ("Petitioner"), pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(b), 851(a). (Government's Opp'n to Pet'r's Mot. to Correct Sentence 2.) As part of the plea agreement, Petitioner agreed to waive his right to appeal, including relief under 28 U.S.C. § 2255. (*Id.*) At his rearraignment hearing, the Court, at three different times, informed Petitioner that his guilty plea exposed him to a mandatory minimum sentence of twenty years and a maximum penalty of life imprisonment with additional fines. (Rearraignment Tr., 11, 13-14, 19-20 August 30, 2004.) While under oath, Petitioner informed the Court that he understood the charges against him and the mandatory minimum sentence of twenty years. (*Id.*) The Court also inquired as to whether Petitioner had pled guilty in 1993 to the charges listed in the supplemental bill of information. (*Id.*

1

at 12.) Petitioner admitted to the prior conviction. (*Id.*) The Court further advised Petitioner that he could not challenge any prior conviction after sentencing. (*Id.* at 13.) Before accepting Petitioner's guilty plea, the Court questioned Petitioner concerning his understanding of the plea agreement. (*Id.* at 17.) Petitioner acknowledged that he was waiving his right to appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 2255. (*Id.*) Petitioner also admitted that he had not been coerced into pleading guilty. (*Id.* at 19.) Based on Petitioner's answers, the Court found that the plea was knowledgeable and voluntary. (*Id.* at 22.)

On January 11, 2005, the Court sentenced Petitioner to the mandatory minimum sentence of twenty years imprisonment and ten years of supervised probation upon release from imprisonment. (Government's Opp'n to Pet'r's Mot. to Correct Sentence 2.) In sentencing the Petitioner, the Court considered Petitioner's 1993 guilty plea conviction in state court.[1] (Pet'r's Mot. to Correct Sentence 3.) Petitioner then filed a notice of appeal on January 25, 2005 (Rec. Doc. 78), which was dismissed by the Fifth Circuit on March 8, 2005 for want of prosecution (Rec. Doc. 80). (Government's Opp'n to Pet'r's Mot. to Correct Sentence 2.)

On January 20, 2009, Petitioner filed a Motion to Set Aside his 1993 state conviction in state court for failure of the trial judge to advise Petitioner of his right to confront and cross-examine witnesses. (Pet'r's Mot. to Correct Sentence 3.) Although the state court acknowledged the merits of Petitioner's motion, it denied the motion as untimely given that it was filed fifteen years after the finality of the 1993 conviction. (*Id.*) On December, 29, 2009, Petitioner filed the instant motion under 28 U.S.C. § 2255 in order to be re-sentenced without having the 1993 state conviction used

---

[1] The Government agreed to exclude Petitioner's other state court conviction in the superceding bill of information in exchange for Petitioner accepting the plea agreement. (Government's Opp'n to Pet'r's Mot. to Correct Sentence 2.)

to enhance his sentence. (*Id.* at 5.) The Government argues that Petitioner's motion is barred in its entirety by his valid waiver of § 2255 rights. (Government's Opp'n to Pet'r's Mot. to Correct Sentence 8.) Additionally, the Government argues that Petitioner is not entitled to relief on various other grounds. (*Id.* at 8-16.)

## II. DISCUSSION

### A. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner may challenge his sentence if: (1) it violates the Constitution or laws of the United States; (2) the court lacks jurisdiction to impose the sentence; (3) the sentence is in excess of the statutory maximum; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2006). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Waiver of § 2255 Rights

With the exception of waiving the right to file a § 2255 motion for ineffective assistance of counsel, the Fifth Circuit has held that a defendant may waive his right to file a § 2255 motion if the waiver is knowing and voluntary. *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). A waiver of § 2255 rights by guilty plea is knowing and voluntary if the defendant knew that "he had a right to appeal his sentence and that he was giving up that right." *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). In particular, a guilty plea is knowing if the defendant has "a full understanding of what the plea connotes and of its consequence." *See Boykin v. Alabama,* 395 U.S. 238, 244 (1969). The defendant

must comprehend the direct consequences of the plea, but need not know every consequence that would occur in the absence of the plea. *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). Regarding sentencing, the defendant need only be aware of the maximum term of imprisonment and the fine that he faces. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). In order for a guilty plea to be voluntary, it must not be "the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew v. Johnson,* 201 F.3d 353, 365 (5th Cir. 2000) (quoting *Brady v. United States,* 397 U.S. 742, 750 (1970)).

In the instant case, Petitioner is not entitled to relief under § 2255 because he waived his right to such relief and is not asserting a claim for ineffective assistance of counsel. It is clear from the signed plea agreement and the rearraignment transcript that Petitioner waived his right to file any § 2255 motion. The plea agreement explicitly provides that:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and **the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255**. (Rec. Doc. 68.) (emphasis added).

Petitioner also waived his right to appeal under § 2255 at his rearraignment hearing when he acknowledged giving up his § 2255 rights. Thus, in accord with *White*, Petitioner's waiver of his right to appeal under § 2255 was effective.

Under *Melancon*, Petitioner's waiver of his right to appeal under § 2255 was knowing and voluntary because Petitioner knew that he had a right to appeal his sentence and that he was giving up that right. The rearraignment transcript explicitly shows that Petitioner knowingly waived his

4

§ 2255 rights. During his rearraignment hearing, the Court specifically asked Petitioner whether he was aware that he was giving up his right to appeal under § 2255. (Rearraignment Tr., 17.) Petitioner responded that he understood that he was giving up that right. (*Id.*) Furthermore, Petitioner's statements in open court are presumed to be true. *United States v. Lampaziane,* 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)); *see also United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002) (affording "great weight to the defendant's statements at the plea colloquy"). Thus, Petitioner's statements at his rearraignment hearing unequivocally demonstrate that he knowingly waived his right to appeal under § 2255. In addition, under *Pearson*, it is presumed that Petitioner knowingly waived his § 2255 rights because the Court informed Petitioner of his minimum and maximum penalties.

In accord with *Matthew*, the plea agreement also was voluntary. The Court specifically inquired as to whether anyone had threatened or forced Petitioner to enter into the plea agreement, and Petitioner acknowledged that he had not been coerced into signing the plea agreement. (Rearraignment Tr., 19.) At the rearraignment hearing, the Court concluded that the plea had been entered into knowingly and voluntarily. (Rearraignment Tr., 22.) Moreover, Petitioner does not contest that the plea was knowing and voluntary. Because Petitioner's plea agreement was entered into knowingly and voluntarily, he effectively waived his right to appeal under § 2255 when he signed the plea agreement. Given that Petitioner has waived his rights under § 2255, the Court will not reach the merits of Petitioner's claims.

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Correction of Sentence (Rec. Doc. 95)** filed by Petitioner, Horace Washington is **DENIED**.

This 23rd day of September 2010.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE